# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>MAURICE SYDNOR,<br>    Defendant. | CRIMINAL NO. 6:16-21<br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on several motions (DE 277, 278, 279) filed by defendant Maurice Sydnor.

First, is Sydnor's motion (DE 277) to preclude any discussion at trial about whether arresting officers smelled marijuana in Sydnor's residence on the day he was arrested there. In response, the government states that it does not intend to elicit such testimony from the arresting officers and will advise all potential witnesses to refrain from discussing Sydnor's alleged marijuana use. Accordingly, the Court will deny this motion as moot. Should the government, during trial, find it appropriate to elicit any testimony regarding Sydnor's alleged marijuana use, it should first approach the bench for permission.

Second is Sydnor's motion (DE 278) to exclude references to his alleged alias of "Black" during the Court's recitation of the statement of the case to potential jurors. Sydnor also moves to strike the alias from the indictment and all other materials submitted to the jury. He argues that the inclusion of the alias in the indictment and in the statement of the case prior to trial will suggest to the jury that they must accept that Sydnor was known as "Black," regardless of what evidence the government should produce on the subject.

The Sixth Circuit "strongly disapprove[s of] the practice of including aliases in indictments." *United States v. Wilkerson*, 456 F.2d 57, 59 (6th Cir. 1972). "Only when proof of an alias is relevant to identifying the defendant should a court allow its inclusion in the indictment and its subsequent introduction at trial." *Id*.

Here, including the alias in the indictment serves "the proper purpose of identifying the Defendant." *United States v. Emuegbunam*, 268 F.3d 377, 395 (6th Cir. 2001). The government will call witnesses who will identify Sydnor as the person they knew as "Black," who was involved in the drug-trafficking activities charged in the indictment.

Nevertheless, the Court will not refer to the alias in its statement of the case to potential jurors. In addition, the Court will instruct the jury that the indictment is not evidence of guilt, that the defendant is presumed innocent, and that the government must prove each element of the crimes charged beyond a reasonable doubt. The government will not be permitted to argue that "people who uses aliases are inherently suspect." *Wilkerson*, 456 F.2d at 59. Further, Sydnor may certainly produce evidence that he was not known as "Black" and explain to the jury that they need not accept that as fact merely because the alias is included on the indictment. These measures will help to counter any prejudice caused by including the alias in the indictment.

Finally, Sydnor moves (DE 279) to preclude the government from introducing evidence of the firearms found at his residence on the morning he was arrested there. He argues the evidence is unduly prejudicial and irrelevant because he is not charged with any firearms offense.

The government argues that the firearms are relevant to the drug charges. It states that several witnesses will testify that Sydnor's co-defendant Timothy Harris instructed

them to deliver the firearms to "Black" and to obtain methamphetamine or heroin from "Black."

Accordingly, the existence of the firearms at Sydnor's residence is relevant to the crimes charged. It will corroborate the testimony of the witnesses who state they delivered the guns to the residence and obtained drugs from the residence. It will also help prove that Sydnor was known as "Black."

To alleviate any undue prejudice, at Sydnor's request, the Court can instruct the jury that Sydnor has not been charged with any firearms offenses and that the existence of the firearms at his residence should be considered by them only for purposes of determining the credibility of the witnesses who testified that they delivered the firearms there and for purposes of determining whether Sydnor was known as "Black" to these witnesses.

For all these reasons, the Court hereby ORDERS as follows:

1) Sydnor's motion (DE 277) to preclude any discussion at trial about whether arresting officers smelled marijuana in Sydnor's residence on the day he was arrested there is DENIED as moot, the government having agreed not to produce any such evidence;

2) Sydnor's motion (DE 278) to exclude references to the alleged alias of "Black" during the Court's recitation of the statement of the case and to strike the alias from the indictment and all other materials submitted to the jury is GRANTED in part and DENIED in part as follows:

   a) the motion is GRANTED to the extent it asks the Court to exclude the reference to the alias in the statement of the case read to the potential jurors prior to trial; and

b) the motion is DENIED to the extent that it asks the Court to strike the alias from the indictment and other materials submitted to the jury; and

3) Sydnor's motion (DE 279) to preclude the government from introducing evidence of the firearms found at his residence on the morning he was arrested there is DENIED.

Dated December 12, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY