UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 6: 16-21-2-DCR |
| V. | ) ) ) | |
| MAURICE SYDNOR, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Maurice Sydnor has submitted objections to the § 851 notice filed in this case and the imposition of enhanced statutory penalties. [Record No. 365] The United States has filed a response, and the matter is ripe for decision.[1] [Record No. 369] After careful review, Sydnor's objections will be overruled.

**I.**

Count One of the Superseding Indictment charges Defendant Maurice Sydnor with conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 100 grams or more of a mixture or substance containing a

---

[1] Sydnor states that he is entitled to request a hearing under 21 U.S.C. 851(c), which requires a hearing "if the person *denies any allegation* of the information of prior conviction, or *claims that any conviction alleged is invalid*. . . ." (emphasis added); *see also Custis v. United States*, 511 U.S. 485, 491 (1994) (explaining that 21 U.S.C. 851(c) "sets forth specific procedures allowing a defendant to challenge the validity of a prior conviction used to enhance the sentence for a federal drug offense"). Sydnor has not objected to any of the allegations in the government's notice, or claimed that any of his prior convictions are invalid. Accordingly, he would not be entitled to a hearing under § 851(c). However, this issue is moot, because Sydnor has expressly waived any right to a hearing in his memorandum. [Record No. 365, p. 2]

-1-

detectable amount of heroin in violation of 21 U.S.C. § 846.  [Record No. 20]  A defendant who is convicted under § 846 is subject to the following enhanced statutory penalties:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . a fine not to exceed . . . $20,000,000 if the defendant is an individual . . . [and] a term of supervised release of at least 10 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(A).

Sydnor decided to plead guilty to Count One of the Superseding Indictment, and filed a motion for rearraignment on December 14, 2017.  [Record No. 297]  In accordance with 21 U.S.C. § 841(b)(1)(A), Sydnor's written plea agreement states that he is subject to a statutory punishment of not less than 20 years and not more than life, a fine of not more than $20,000,000, and a term of supervised release of at least 10 years.  [*Id.* ¶ 4]  The plea agreement explains that Sydnor "is eligible for the above-reference enhanced sentence based on a prior qualifying felony drug conviction."  [*Id.*]

On the same day that Sydnor filed his motion for rearraignment, the United States filed a § 851 notice, stating that:

> [I]f Maurice Sydnor is convicted . . . he shall be subject to an enhanced statutory punishment pursuant to 21 U.S.C. § 841(b)(1)(A) because he has a prior final drug felony conviction for Dealing in Cocaine or Narcotic Drug, for which he was sentenced on October 07, 2009 by the Floyd Superior Court 3 in New Albany, Indiana in Case Number 22D03-0902-FA-00373.

[Record Nos. 298, 300]

Sydnor's rearraignment hearing was held on December 18, 2017.  [Record No. 304]  The Court reviewed the § 851 notice with Sydnor and the enhanced penalties listed in his plea agreement.  Sydnor stated that he understood that the prior conviction listed in the § 851 notice

would subject him to the higher penalties and affirmed the prior conviction. The Court also advised Sydnor that any challenge to the prior conviction would have to be raised prior to his sentencing proceeding. Ultimately, the Court concluded that Sydnor's plea was knowingly and voluntarily made, and accepted his plea of guilty.

## II.

Sydnor now raises three challenges to the imposition of enhanced statutory punishment in this case: (i) the government's § 851 notice failed to provide him with sufficient advance notice of the increased statutory penalty because it was filed after he filed his motion for rearraignment; (ii) the 2009 Indiana conviction for Dealing in Cocaine referenced in the § 851 notice is not a qualifying felony drug offense; and (iii) imposing the mandatory minimum sentence violates 18 U.S.C. § 3553(e)'s instruction to impose a sentence that is "sufficient, but not greater than necessary," and violates the due process and equal protection clauses of the Fifth Amendment. [Record No. 365] Each of these arguments will be evaluated in turn.

### A. The Timing of the Government's § 851 Notice

21 U.S.C. § 851(a)(1) provides that:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, <u>or before entry of a plea of guilty</u>, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

Here, there is no question that the § 851 notice was filed before the entry of Sydnor's guilty plea. The § 851 notice was filed on December 14, 2017. [Record No. 300] The Court accepted Sydnor's guilty plea on December 18, 2017. [Record No. 304] Thus, the government's § 851 notice was timely under the plain text of 21 U.S.C. § 851(a)(1).

Sydnor argues that the Court should reach a contrary conclusion by relying on the purpose of § 851. However, the Sixth Circuit has explained that the purpose of § 851 is to "provide the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism." *United States v. King*, 127 F.3d 483, 488 (6th Cir. 1997). And it has explained that that purpose is satisfied so long as the government files its § 851 notice before the entry of a guilty plea. *United States v. Pruitt*, 545 F.3d 416, 425 (6th Cir. 2008). In *Pruitt*, the government tendered a § 851 notice at the beginning of the defendant's rearraignment hearing, and the § 851 notice was not docketed until after the hearing and after the defendant had entered his guilty plea. *Id.* Still, the Sixth Circuit held that the § 851 notice was timely, explaining that:

> [The defendant] and his counsel received the information at the rearraignment hearing prior to his plea of guilty. Thus, [the defendant] had "reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence," *see United States v. Pritchett*, 496 F.3d 537, 548 (6th Cir.2007) (quoting *United States v. King*, 127 F.3d 483, 489 (6th Cir.1997)), and it is immaterial that the clerk entered the information on the docket after [the defendant] pled guilty.

*Id.*; *see also King*, 127 F.3d at 488 ("The government timely filed its information before voir dire at 8:19 a.m. on the day of trial."). In this case, the United States filed its § 851 notice four days prior to Sydnor's rearraignment hearing. This was both timely under the plain text of § 851 and sufficient to satisfy its purpose.

Additionally, the Sixth Circuit has "regularly held that actual notice satisfies the requirements of Section 851(a)." *United States v. Boudreau*, 564 F.3d 431, 437 (6th Cir. 2009). The Magistrate Judge provided Sydnor with actual notice of the enhanced penalties during his arraignment hearing. Sydnor's actual notice is further evidenced by the statutory

penalties stipulated to in the plea agreement, and the plea agreement's statement that he "is eligible for the above-reference enhanced sentence based on a prior qualifying felony drug conviction." [Record No. 308, ¶ 4] And the Court reviewed the § 851 notice and enhanced penalties with Sydnor prior to accepting his guilty plea. Thus, even if there was an error regarding the § 851 notice (and there was not), it would be harmless.

**B.     Sydnor's 2009 Indiana Conviction for Dealing in Cocaine**

The government's § 851 notice identifies Sydnor's prior felony drug conviction as "Dealing in Cocaine or Narcotic Drug, for which [he] was sentenced on October 07, 2009 by the Floyd Superior Court 3 in New Albany, Indiana in Case Number 22D03-0902-FA-00373." [Record No. 300] Based on the information contained in his Presentence Investigation Report ("PSR"), Sydnor argues that the case number and date listed in the § 851 notice are incorrect. [Record No. 365, p. 5] However, a review of the state court documents demonstrates that the § 851 notice provides the correct case number. [*See* Record No. 369, Exhibits A, B, C, and D.] And Sydnor's sentencing hearing was held on October 7, 2009, although the Order of Sentence was not filed until October 8, 2009. [*See id.*, Exhibits B and C.] Additionally, the § 851 notice identifies the correct court, location, and charge of Sydnor's prior conviction.

Identifying the date of the sentencing hearing rather than the date the Order of Sentence was entered was not erroneous. Further, there is no strict requirement for the government's § 851 notice to include the date of the prior conviction, the date of the sentence, or the case number. *See King*, 127 F.3d at 489. Instead, "the proper inquiry is whether the government's information provided the defendant 'reasonable notice of its intent to rely on a particular

conviction and a meaningful opportunity to be heard.'" *Id.* at 488-89 (citations and alterations omitted).

The government's § 851 notice satisfied this requirement by identifying the correct court, location, case number, and charge of Sydnor's prior conviction, and the date of his sentencing hearing. Any small error in the date the government provided would not deprive Sydnor of reasonable notice. *See Perez v. United States*, 249 F.3d 1261, 1266 (11th Cir. 2001) ("Despite the incorrect last digit in the year of the prior conviction, the Original Information [was sufficient because it] unambiguously signaled the government's intent to rely upon a specific prior cocaine conviction in Florida to enhance [the defendant's] sentence.") *United States v. Hamilton*, 208 F.3d 1165, 1167-69 (9th Cir. 2000) (finding that a § 851 notice that included an incorrect date of conviction and was not properly amended was sufficient).

Sydnor also argues that his 2009 Indiana conviction for Dealing in Cocaine is not a qualifying "felony drug offense" for purposes of applying an enhanced punishment under 21 U.S.C. § 841(b)(1)(A). Sydnor pleaded guilty to "Count I, Dealing in Cocaine, (Class B Felony)" on August 20, 2009. [Record No. 369, Exhibit A] Under Indiana law, "[a] person who commits a Class B felony (for a crime committed before July 1, 2014) shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Indiana Code ("IC") 35-50-2-5. Sydnor was sentenced to 12 years' imprisonment on October 8, 2009. [Record No. 369, Exhibit B]

"The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or

depressant or stimulant substances." 21 U.S.C. § 802(44). There is no question that the offense of Sydnor's conviction was punishable by more than one years' imprisonment. And Dealing in Cocaine clearly involves conduct related to a narcotic drug within this definition. 21 U.S.C. § 802(17)(D) (providing that cocaine is a narcotic drug); *see also United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) (explaining that "§ 802(44) only requires that the state statute criminalize conduct 'relating' to drugs," with "the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense[.]'"). Accordingly, Sydnor's conviction for Dealing in Cocaine is a qualifying "felony drug offense" under 21 U.S.C. § 841(b)(1)(A).

Sydnor attempts to avoid this conclusion by arguing that the Court should apply the "categorical approach" used in the context of the career offender provisions of the Armed Career Criminal Act to this issue. Several members of this Court, however, have previously rejected that argument. *See United States v. Shields*, 16-cr-85, 2018 WL 561856, *1 (E.D. Ky. Jan. 25, 2018) (Reeves, D.J.) (citing *Leonard v. Ormond*, 17-cv-191, 2017 WL 6503622, *4 (E.D. Ky. Dec. 19, 2017) (Bunning, D.J.); *Stone v. Butler*, 17-cv-152, 2017 WL 5618289, *2 (E.D. Ky. Nov. 20, 2017) (Caldwell, C.J.); *United States v. Wing*, 13-cr-87 & 16-cv-09, 2016 WL3676333, *2 (E.D. Ky. July 7, 2016) (Hood, S.J.)).

Further, Dealing in Cocaine would count as a "felony drug offense" under 21 U.S.C. § 841(b)(1), even if the categorical approach did apply. Sydnor argues that "this conviction may not qualify . . . because the relevant statute contains 'multiple, alternative versions of the crime,' at least one of which would be broader than the 'generic' version of the enumerated

offense." [Record No. 365, p. 6] However, he does not identify the alternative version of the crime that he believes is broader than the generic offense.

A person is guilty of Dealing in Cocaine when he knowingly or intentionally manufactures, finances the manufacture of, delivers, or finances the delivery of cocaine or a narcotic drug, IC 35-48-4-1(a)(1), or possesses, with intent to manufacture, finance the manufacture of, deliver, or finance the delivery of cocaine or a narcotic drug. IC 35-48-4-1(a)(2). Sydnor admits that "narcotic drug" as used in this statute is not broader than the federal definition. [Record No. 365, p. 11(citing 2009 IC 34-48-1-20 (defining "narcotic drug" under Indiana law))] And regardless of whether the defendant manufactured, delivered, or financed the manufacture or delivery of cocaine or a narcotic drug, a defendant cannot be convicted under this statute without engaging in "conduct relating to narcotic drugs." *See Contra United States v. Hernandez*, 312 F. App'x 937, 939-40 (5th Cir. 2009) (finding that a state statute that punishes financing or investing funds the person knows or believes are intended to further the commission of an enumerated drug offense by imprisonment for five years to life categorically qualifies as a felony drug offense).

Accordingly, for the reasons previously stated, the Court finds that the "categorical approach" does not apply to this issue. And even if it did, the Court finds that Sydnor's 2009 Indiana conviction for Dealing in Cocaine is categorically a "felony drug offense" under 21 U.S.C. § 802(44), triggering enhanced statutory punishment under 21 U.S.C. § 841(b)(1)(A).

C.   **The Imposition of Statutory Minimum Sentences**

Sydnor's final argument is that the mandatory sentences under 21 U.S.C. § 841(b)(1)(A), are actually advisory because the Court must "impose a sentence sufficient but

not greater than necessary," 18 U.S.C. § 3553(a), and that imposing a mandatory sentence under 21 U.S.C. § 841(b)(1)(A), would violate the due process and equal protection clauses of the Fifth Amendment. But as this Court has explained previously, "the Sixth Circuit has explicitly rejected each of these arguments. *See United States v. Senter*, 424 F. App'x 443, 446 (6th Cir. 2011) ("On several occasions, criminal defendants have asked us to conclude that § 3355(a) trumps mandatory minimum sentences, and each time we have answered the same way: no."); *id.* at 447 ("Nor does [a] mandatory life sentence [under 21 U.S.C. § 841(b)(1)] violate the United States Constitution. It is consistent with the Fifth Amendment's guarantee of due process. . . . It does not deprive defendants of the equal protection of the laws. It does not run afoul of the Eighth Amendment's prohibition against cruel and unusual punishments.") (citations omitted)." *Shields*, 2018 WL 561856, *6. Accordingly, Sydnor's arguments provide no basis to avoid the imposition of the statutory mandatory minimum sentence in this case.

### III.

In summary, the § 851 notice filed in this case was timely and listed a qualifying prior conviction for a felony drug offense. Although the categorical approach applies does not apply to this issue, the same result would obtain if it did. Accordingly, it is hereby

**ORDERED** that the defendant's objections to the government's notice regarding enhanced statutory punishment [Record No. 365] are **OVERRULED**.

This 22nd day of March, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge