UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 6: 16-021-DCR |
| ) | and |
| V. ) | Civil Action No. 6: 20-034-DCR |
| ) | |
| MAURICE SYDNOR, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Movant/Defendant Maurice Sydnor pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 100 grams or more of a mixture or substance containing a detectable amount of heroin. He was sentenced to a term of 240 months' imprisonment on March 26, 2018. Sydnor appealed the Court's imposition of a fine and a sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(A)(viii) and 851. However, the United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment. Sydnor has now filed a motion seeking to have the Court vacate, set aside or correct his sentence under 28 U.S.C. § 2255. [Record No. 470]

Consistent with local practice, Sydnor's § 2255 motion was referred to a United States Magistrate Judge for review and issuance of a report pursuant to 28 U.S.C. § 636(b)(1)(B). Thereafter, United States Magistrate Judge Candace J. Smith reviewed the motion and issued a Report and Recommendation ("R & R") recommending that Sydnor's motion to vacate be denied. [Record No. 511]

Sydnor has filed objections to the R & R. [Record No. 519] Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which timely objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## I.

Law enforcement began investigating the heroin and methamphetamine trafficking activities of Timothy Harris and others in October 2015. In June 2016, Kentucky State Police ("KSP") interviewed a confidential informant ("CI") who stated that he/she had transported heroin from Louisville, Kentucky to Pulaski County, Kentucky for Harris. The CI traveled to Louisville, where he/she met with Harris, who entered the CI's vehicle. Sydnor then provided a brown bag to Harris, who directed the CI to drive to another location and exit the vehicle. KSP eventually located Harris and a search of the automobile revealed 1,193.5 grams of methamphetamine in the bag provided by Sydnor.

KSP and Louisville Metro Police arrived at Sydnor's home to execute a search warrant the following day. Officers knocked on the door for several minutes, but there was no answer. Observing a light on within the residence, the officers breached the door and smelled freshly burnt marijuana. Sydnor ultimately emerged from the second floor and identified himself as the resident. He explained that he was Harris's cousin and he was not aware of the contents of the bag he had furnished to Harris. Pursuant to their search, officers seized two firearms from a closet in the master bedroom. Sydnor indicated that he was a convicted felon and the guns, which he allegedly kept for his protection, belonged to him.

Sydnor, Harris, and others were indicted by a federal grand jury in July 2016 on a charge of conspiring to distribute controlled substances. Sydnor pleaded guilty to the charge on December 18, 2017. He entered into a Plea Agreement with the United States that provided: "The statutory punishment for Count One is imprisonment for not less than 20 years and not more than life, a fine of not more than $20,000,000 and a term of supervised release of at least 10 years. The Defendant is eligible for the above-referenced enhanced sentence based on a prior qualifying felony drug conviction." [Record No. 308, p. 2]

The Plea Agreement also included the following:

The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes a quantity of heroin and methamphetamine with a combined marijuana equivalency of at least 3,000 kilograms but less than 10,000 kilograms.

Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty. . . .

[The parties] . . . may object to or argue in favor of other calculations. . . .

The United States will not seek a variance or departure above the sentencing guidelines range determined by the Court.

Sydnor had a total offense level of 31 and a criminal history category of IV, resulting in a guidelines range of 151 to 188 months' imprisonment. However, because the statutorily required minimum sentence of 20 years was greater than the high end of the advisory guidelines range, the guidelines term of imprisonment was 240 months. *See* U.S.S.G. § 5G1.1(b). Sydnor was sentenced to 20 years' imprisonment on March 26, 2018. As noted

above, his conviction and sentence were affirmed on appeal. *United States v. Sydnor*, 762 F. App'x 284 (6th Cir. 2019).

## II.

Sydnor waived the right to collaterally attack his guilty plea, conviction, and sentence, with the exception of claims of ineffective assistance of counsel. [*See* Record No. 308, p. 3.] He claims in his § 2255 motion that his attorney was ineffective for a variety of reasons, which the Magistrate Judge addressed individually in her thorough and well-reasoned R & R. Sydnor only objects to one portion of the R & R and explicitly "dismisses, drops, and waives all of the other grounds from his § 2255" motion.[1] [Record No. 519, p. 1] Specifically, Sydnor disagrees with the Magistrate Judge's resolution of "ground three," in which Sydnor contends that the United States breached the parties' plea agreement by arguing for the "harshest sentence possible." [Record No. 470, p. 7]

Sydnor relies on the provision in the plea agreement which provides that "[t]he United States will not seek a variance or departure above the sentencing guidelines range determined by the Court." He contends, essentially, that the "guidelines range determined by the Court" was 151 to 188 months' imprisonment and the government breached the plea agreement by advocating for a term of imprisonment of 20 years. But this is simply inaccurate, as reflected in the PSR and as stated by the Court at sentencing. A previously explained, the applicable guidelines range was not 151 to 188 months. Instead, the statutory minimum sentence

---

[1] Despite this assertion, Sydnor makes passing reference to his continuing desire for appointed counsel. However, as the Magistrate Judge explained, there is no constitutional right to appointed counsel in habeas proceedings. Further, in this case, there are no unusual complexities, problems, or conflicts necessitating the appointment of counsel. [Record No. 511, p. 21]

- 4 -

"trumped" what would have been the guidelines range and became the guidelines sentence under U.S.S.G. § 5G1.1(b).  [Record No. 441, pp. 13-14]

Regardless, Sydnor does not satisfy either prong of *Strickland v. Washington*, 466 U.S. 668 (1984), which requires him to show that his attorney performed deficiently and that he was prejudiced by his attorney's deficient performance.  Attorneys are not required to make frivolous objections, and Sydnor has not identified any objectionable conduct on the part of the prosecutor.  Despite his argument that the United States argued in favor of "the harshest sentence possible," there is absolutely nothing in the record to suggest that the government advocated for a sentence above 20 years' imprisonment.

Sydnor also contends that his attorney should have objected to the prosecutor's statements regarding his extensive criminal history and the need to deter him from committing additional crimes.  Sydnor, however, does not allege that the comments were inaccurate or otherwise not based in fact.  These are proper issues for consideration in determining an appropriate sentence under 18 U.S.C. § 3553(a), and the prosecutor did not err in discussing them during allocution.  Additionally, it is difficult to conceive how Sydnor was prejudiced by his attorney's performance at sentencing, since he received the *mandatory minimum* term of incarceration.

Sydnor also complains that the Magistrate Judge did not consider the decision in *United States v. Vaval*, 404 F.3d 144 (2d Cir. 2005).  There, the government had agreed that it would not ask for an upward departure or ask the court to sentence the defendant at a particular place within the guidelines range.  Despite the agreement, the government argued at sentencing that the defendant's criminal history was "appalling" and that he was the "ringleader" of his crime.  After noting that he "technically" could make an upward departure argument, the prosecutor

asked the court to "consider all of that when making [its] decision about where to sentence [the] defendant." *Id.* at 150.  The United States Court of Appeals for the Second Circuit determined that the government's statements "served no purpose other than to advocate" for a higher sentence and, therefore, constituted a breach of the plea agreement. *Id.* at 154.

Sydnor also compares the instant case to *United States v. Rewis*, 969 F.2d 985 (11th Cir. 1992).  But in that case, the government also agreed "not to recommend what sentence should be imposed." *Id.* at 987.  When Rewis did not cooperate, the government filed a sentencing memorandum indicating that he was not remorseful and "would rather . . . remain part of the problem, than become part of the solution."  The government continued: "By taking into account the extent of defendant's illegal activity and the fact that he has rebuffed all efforts of law enforcement to gain his cooperation, this Court will establish a wide-ranging deterrent for those who would follow the illegal footsteps of the defendant." *Id.*  Concluding that the plea agreement allowed the government to comment on particular offenses only and not to suggest a sentence, the court found that the United States had breached the plea agreement. *Id.* 988.

Sydnor's reliance on these cases is clearly misplaced.  Here, the government did not promise that it would not suggest or argue in favor of a particular sentence.  Instead, it promised that it would not seek a sentence above the guideline range determined by the Court, which in this case was 240 months.  The government kept its word, recommending that Sydnor be sentenced to 240 months' imprisonment.  Accordingly, Sydnor's attorney was not ineffective for failing to object the prosecutor's comments during the sentencing hearing.

### III.

The Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Attorneys do not provide ineffective assistance by failing to pursue meritless arguments. *See White v. United States*, 69 F. App'x 222, 223 (6th Cir. 2003) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)). Sydnor has not identified any conduct on the part of the United States to which his attorney should have objected. Further, he has not demonstrated prejudice because he was sentenced to the mandatory minimum term of imprisonment permitted under 21 U.S.C. § 841(b)(1)(A).

### IV.

For the reasons outlined above and in the United States Magistrate Judge's Report and Recommendation [Record No. 511], it is hereby

**ORDERED** as follows:

1.     Movant/Defendant Sydnor's motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 [Record No. 470] is **DENIED.**

2.     The Magistrate Judge's Report and Recommendation [Record No. 511] is **ADOPTED** and **INCORPORATED**, in full.

- 8 -

    3.    Sydnor's objections to the Report and Recommendation [Record No. 519] are **OVERRULED**.

    4.    A Certificate of Appealability shall not issue on any issue presented by Sydnor.

Dated: August 24, 2020.

<u>Danny C. Reeves, Chief Judge</u>
United States District Court
Eastern District of Kentucky